# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

UNITED STATES OF AMERICA

v.

ISAAC SAPIEN

Defendant.

Case Number: EP:23-CR-01332-DB(1)
USM Number: 63968-510

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, **ISAAC SAPIEN**, was represented by Felix Valenzuela.

On motion by the Government, the Court has dismissed the Indictment.

The defendant pled guilty to an Information on December 12, 2023. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section / Nature of Offense | Offense Ended | Count |
| --- | --- | --- |
| 18 U.S.C. 922(a)(6), 18 U.S.C. 924(a)(2) – Aiding and Abetting a False Statement During Purchase of a Firearm | March 31, 2023 | One |

As pronounced on March 14, 2024, the defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this 14th day of March, 2024.

_____
DAVID BRIONES
Senior United States District Judge

DEFENDANT:           ISAAC SAPIEN
CASE NUMBER:         EP:23-CR-01332-DB(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of forty-six (46) months.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant be incarcerated in a federal facility as close to El Paso, Texas as possible.

The defendant shall remain in custody pending service of sentence.

**RETURN**

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

United States Marshal

By _____
Deputy Marshal

AO 245B (Rev. TXW 09/19) Judgment in a Criminal Case                                                                                           Judgment -- Page 3 of 8

DEFENDANT:        ISAAC SAPIEN
CASE NUMBER:      EP:23-CR-01332-DB(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three years.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special and/or additional conditions on the attached pages that have been adopted by this Court.

## MANDATORY CONDITIONS

1. The defendant shall not commit another federal, state or local crime during the term of supervision.
2. The defendant shall not unlawfully possess a controlled substance.
3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.
4. The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).
5. If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.
6. If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.
7. If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
8. The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. The defendant shall notify the court of any material change in defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.
10. The defendant shall abide by the mandatory conditions listed in 18 U.S.C. § 3583(d).

DEFENDANT: ISAAC SAPIEN
CASE NUMBER: EP:23-CR-01332-DB(1)

## STANDARD CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.
3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.
4. The defendant shall answer truthfully the questions asked by the probation officer.
5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.
7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.
10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.
13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.
14. If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.
15. If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is the condition of supervision that the defendant shall provide the probation officer access to any requested financial information.
16. If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.
17. The defendant shall abide by the standard conditions adopted by the Western District of Texas.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT:         ISAAC SAPIEN
CASE NUMBER:       EP:23-CR-01332-DB(1)

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

a) The defendant shall participate in a vocational services program and follow the rules and regulations of that program. Such a program may include job readiness training and skills development training. The defendant shall pay for the costs of the program if financially able.

DEFENDANT: ISAAC SAPIEN
CASE NUMBER: EP:23-CR-01332-DB(1)

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

NOT APPLICABLE.

DEFENDANT:        ISAAC SAPIEN
CASE NUMBER:      EP:23-CR-01332-DB(1)

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth.  Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, Attn: Mail Log, Albert Armendariz, Sr. United States Courthouse, 525 Magoffin Avenue, Suite 105, El Paso, TX, 79901 or online by Debit (credit cards not accepted) or ACH payment (direct from Checking or Savings Account) through Pay.gov (link accessible on the landing page of the U.S. District Court's Website). **Your mail-in or online payment must include your case number in the exact format of DTXW323CR001332-001 to ensure proper application to your criminal monetary penalty.** The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|            | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|------------|----------------|-----------------|----------|----------------------|------------------------|
| **TOTALS:** | $100.00        | $.00            | $.00     | $.00                 | $.00                   |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $100.00.

### Fine

The fine is waived because of the defendant's inability to pay.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.

\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

AO 245B (Rev. TXW 09/19) Judgment in a Criminal Case                                               Judgment -- Page 8 of 8

DEFENDANT:         ISAAC SAPIEN
CASE NUMBER:       EP:23-CR-01332-DB(1)

## **FORFEITURE**

The defendant is ordered to forfeit the following property to the United States:

1. Ruger Security 9mm pistol, Serial Number 385-26750;
2. Black Rain Ordinance, Model AR-15, caliber 5.56 Serial Number SM061364;
3. 404 rounds of miscellaneous ammunition;
4. 8 magazines; and
5. Any and all firearms, ammunition and/or accessories used or intended to be used in the commission of the criminal offense.